# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| GREGG A. BISBEE, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO.   3:18-cv-01595 |
| RETRIEVAL-MASTERS CREDITORS BUREAU, INC. d/b/a AMERICAN MEDICAL COLLECTION AGENCY, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes GREGG A. BISBEE ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of RETRIEVAL-MASTERS CREDITORS BUREAU, INC. d/b/a AMERICAN MEDICAL COLLECTION AGENCY ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA and TCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331

and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists

for the state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business

in the Northern District of Texas and a substantial portion the events or omissions giving rise to

the claims occurred within the Northern District of Texas.

**PARTIES**

4.   Plaintiff is a "person," as defined by 47 U.S.C. §153(39), residing within the Northern

District of Texas.

5.   Defendant is a debt collector holding itself out as "the leading recovery agency for patient

collections" further stating it is "one of the Nation's top high volume lower balance agencies

managing over $1BN in annual receivables."[1] Defendant is a corporation organized under the laws

of the state of New York with its principal place of business located at 4 Westchester Plaza, Suite

110, Elmsford, New York. Defendant engages in collection activity across the United States,

including in Texas.

6.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

7.   Defendant acted through its agents, employees, officers, members, directors, heirs,

successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all

times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8.    In approximately November 2017, Plaintiff began receiving calls to his cellular phone,

(817) XXX-5955, from Defendant.

---

[1] http://amcaonline.com/about.php

9.  At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 5955.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

10. Defendant mainly used the phone number (210) 361-7395 when placing calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

11.  Upon information and belief, the above referenced phone number ending in 7395 is regularly utilized by Defendant during its debt collection activity.

12.  Upon answering phone calls from Defendant, Plaintiff experiences a recorded message before being connected with a live representative.

13.  Upon speaking with Defendant, Plaintiff was informed that it was acting as a debt collector attempting to collect upon an underlying medical debt ("subject debt") said to be owed by Plaintiff.

14.  Frustrated by the nature of Defendant's collection efforts, Plaintiff asked that Defendant send him information about the subject debt via mail and demanded that Defendant stop calling his cellular phone.

15.  Despite Plaintiff's demands, Defendant continued to place phone calls to Plaintiff's cellular phone seeking collection of the subject for months, well into 2018.

16.  Plaintiff has received not less than 25 phone calls from Defendant since asking it to stop calling.

17.  Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

18.  Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

19.   Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and realleges paragraphs 1 through 20 as though full set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

22. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

23. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals since 1979.[2]

24. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.   Violations of FDCPA §1692c(a)(1) and §1692d

25. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring

---

[2] http://www.acainternational.org/search#memberdirectory

or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

26. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop.  Defendant called Plaintiff at least 25 times after he demanded that it stop calling. This repeated behavior of systematically calling Plaintiff's phone in spite of his demands was harassing and abusive.  The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

27. Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to him.

### b.  Violations of FDCPA § 1692e

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

30. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting him, Defendant continued to contact Plaintiff via automated calls. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force him to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when it no longer had consent to do so.

31. Defendant's false representations were material. Had Defendant not falsely represented its lawful ability to continue contacting Plaintiff in the manner it so chose. Had Defendant instead provided Plaintiff with information about the debt in writing as asked, Plaintiff would have been in a better position to understand his rights regarding the subject debt. He could have then taken the time to assess his underlying obligation. However, Defendant's false representations as to its lawful ability to continue contacting Plaintiff deprived him of this opportunity.

### c. Violations of FDCPA § 1692f

32. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff over 25 times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

34. As pled in paragraphs 16 through 19, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, GREGG A. BISBEE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C.
§1692k(a)(3); and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

35.  Plaintiff repeats and realleges paragraphs 1 through 34 as though fully set forth herein.

36.  The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their

cellular phone using an automatic telephone dialing system ("ATDS") without their consent.  The

TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to

store or produce telephone numbers to be called, using a random or sequential number generator;

and to dial such numbers."

37.  Defendant used an ATDS in connection with its communications directed towards

Plaintiff's cellular phone.  The recorded message Plaintiff experienced prior to being connected to

a live representative is instructive that an ATDS was being utilized to generate the phone calls.

Moreover, the nature and frequency of Defendant's contacts points to the involvement of an

ATDS.

38.  Defendant violated the TCPA by placing at least 25 phone calls to Plaintiff's cellular

phone using an ATDS without his consent. Any consent that Plaintiff *may* have given to the

originator of the consumer Debt, which Defendant will likely assert transferred down, was

specifically revoked by Plaintiff's demands that it cease contacting him.

39. The calls placed by Defendant to Plaintiff were regarding collection activity and not for

emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

40.  Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff

for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA

should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, GREGG A. BISBEE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

41. Plaintiff restates and realleges paragraphs 1 through 40 as though fully set forth herein.

42. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

43. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

44. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

**a. Violations of TDCA § 392.302**

45. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

46. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 25 times after he notified it to stop calling.  The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. Rather than adhere to Plaintiff's demands and by further failing to provide Plaintiff information in writing as requested, Defendant continued in its harassing campaign of phone calls in hopes that Plaintiff would make payment absent additional information.

47. Upon being told to stop calling and to instead provide information in writing, Defendant had ample reason to be aware that it should not continue its harassing calling campaign.  Yet, Defendant consciously chose to continue placing calls to Plaintiff's cellular phone.

WHEREFORE, Plaintiff, GREGG A. BISBEE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 19, 2018                                      Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)            s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                 Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                          Counsel for Plaintiff
Admitted in the Northern District of Texas       Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.                               Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200              2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                   Lombard, Illinois 60148

(630) 568-3056 (phone)                    (630) 581-5858 (phone)
(630) 575-8188 (fax)                      (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                  thatz@sulaimanlaw.com


s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
Counsel for Plaintiff
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com